JESSE D. MADISON *et al.*, Plaintiffs-Appellants, *v.* ISAAC SIMS *et al.*, Defendants-Appellees.

(No. 57160;

First District—July 7, 1972.

Franklin S. Schwerin and Richard K. Means, both of Chicago, for appellants.

Michael E. Lavelle, of Chicago, for appellee Cook County Officers Electoral Board.

Andrew M. Raucci, of Chicago, for appellee Isaac Sims.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiffs, Jesse D. Madison and Frances J. Madison, appeal from a judgment entered in the Circuit Court of Cook County in which the nominating petitions of Isaac Sims, a candidate for the Democratic nomination for Representative in the General Assembly from the 21st Legislative District of Illinois in the March 21, 1972, primary election, were found to be legally sufficient. This judgment affirmed the decision of the Cook County Officers Electoral Board overruling objections by the plaintiffs to Sims' nominating petitions.

The issue presented on appeal is whether Section 7—10 of the Election Code (Ill. Rev. Stat. 1971, Ch. 46), requires a nominating petition to contain the name of the city of residence of the petition signers to appear directly opposite their signatures and street addresses in order for the petition to be a valid nominating petition.

Plaintiffs, Jesse D. Madison and Frances J. Madison, are husband and wife. Jesse D. Madison was an opponent of defendant, Isaac Sims, for the Democratic nomination for Representative in the General Assembly from the 21st Legislative District of Illinois in the March 21, 1972, primary election.

Prior to the primary election, the plaintiffs filed objections to the nominating petitions of Isaac Sims with the Cook County Officers Electoral Board. The objections alleged the petitions purporting to bear the signatures of 715 qualified primary electors, filed by defendant Sims in the office of the Illinois Secretary of State, were legally insufficient and thus invalid because they did not contain complete residence addresses opposite the signatures of such electors. More specifically, the objections were centered on the point that the city of residence of such petitioners did not follow their signatures and street addresses. For this reason, the plaintiffs claimed defendant Sims did not have the 300 signatures required to be placed on the primary ballot.

Following a hearing, the Cook County Officers Electoral Board over-

ruled the objections, declared the petitions valid, and ruled the name of Isaac Sims should be printed on the ballot for the primary election. The plaintiffs thereafter filed a petition in the Circuit Court of Cook County requesting judicial review of the decision of the Electoral Board. On February 22, 1972, the Circuit Court affirmed the decision of the Electoral Board. On March 2, 1972, the plaintiffs filed their notice of appeal of the decision of the Circuit Court. In the intervening period between the filing of the notice of appeal and the presentation of oral arguments, the primary election was held. In the primary election, two Democratic candidates were to be nominated to run in the November 7, 1972, general election for Representative in the General Assembly from the 21st Legislative District. Over 62,000 votes were cast in the primary with the following results:

| | |
|---|---|
| Isaac Sims | 31,390 |
| Jesse D. Madison | 14,063 |
| Langdon Patrick | 17,118 |

Based on these results, certificates of nomination have been issued for two of the candidates, Isaac Sims and Langdon Patrick. Since the plaintiff, Jesse D. Madison, failed to gain the nomination in the primary, there is included in this appeal from the findings of the Circuit Court a request that, if this court finds in favor of the plaintiffs and holds the nominating petitions of Isaac Sims invalid, plaintiff Jesse D. Madison be put on the ballot as one of the candidates in the November 7, 1972, general election, replacing Isaac Sims.

The plaintiffs' sole contention is that the nominating petitions of defendant Isaac Sims, adjudged as valid not only by the Cook County Officers Electoral Board but also by the Circuit Court of Cook County, are invalid because the city of residence of the petitioners does not follow their signatures and street addresses. The plaintiffs base their contentions on Section 7—10 of the Election Code, (Ill. Rev. Stat., 1971, Ch. 46), which refers to the necessary elements of a nominating petition in pertinent part as follows:

"Such petition shall be signed by qualified primary electors residing in the political division for which the nomination is sought in their own proper persons only and opposite the signature of each signer, his residence address shall be written or printed (and if a resident of a city having a population of over 10,000 by the then last preceding Federal census, the street number of such residence shall be given.)"

Based on the preceding section of the Election Code, the plaintiffs claim the term "residence address" necessarily requires the petitioners to include the city of residence after their signatures and street addresses. The plaintiffs further claim that without such inclusion of a city of

residence, the petitions are invalid. In arriving at this conclusion, the plaintiffs gloss over and cavalierly dismiss the fact that the printed introductory language for each petition, as required by the same statute section previously cited, states the undersigned are duly qualified electors residing in the 21st Legislative District. Furthermore, following the signatures on each petition, there is a printed section in which the individual who procured the petition signatures verified under oath that such petition signatures were valid and that the petitioners resided in the 21st Legislative District.

In light of these facts, as well as the fact that the plaintiffs raised no question as to the authenticity of the signatures or the street addresses of the petitioners, we believe the trial court was correct in stating the printed sections of the petition must be read together with the handwritten sections in arriving at a conclusion as to whether the nominating petitions are valid. We find the nominating petitions of Isaac Sims, therefore, to be in substantial compliance with the respective section of the Election Code.

On oral argument the attorney for the plaintiffs admitted he did not attempt to appeal the judgment of the Circuit Court immediately, but delayed ten days before filing his notice of appeal. Neither did he seek an immediate hearing in the Appellate Court to obtain a ruling before the primary election because he preferred to await the outcome of the election and, if plaintiff lost, then pursue his appeal and try to remove Sims from the November ballot. The effect of these tactics is to deny Sims the opportunity of a write-in campaign if he was ruled off the primary ballot. Counsel for plaintiffs argued orally that Sims could conduct a write-in campaign in the November election if he was now removed from the November ballot. These tactics are manifestly unfair to the candidate, to the people who signed his nominating petition in good faith, and whose qualifications as voters and signatures are not questioned, and to the 31,390 voters who voted for Sims to give him the highest vote in the primary contest. We view this appeal, which could have been advanced for hearing prior to the March 21, 1972, primary election, as an attempt by the plaintiff, Jesse D. Madison, to gain a place on the general election ballot which was denied him by the voters. We reject such attempt as being without merit.

For the reasons stated herein, the decision of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.