THOMAS A. MADDEN, Petitioner-Appellant, *v.* EDWARD J. SCHUMANN *et al.*, Respondents-Appellees.

First District (4th Division)    No. 82-435

Opinion filed April 15, 1982.

Franklin J. Lunding, Jr., of Chicago, for appellant.

Peter A. Felice, of Lyons, for appellee Edward J. Schumann.

JUSTICE LINN delivered the opinion of the court:

Appellant-objector Madden appeals from a judgment entered in the circuit court of Cook County holding that the nominating petitions filed by respondent Schumann for the office of Cook County Commissioner fulfilled the statutory requirements of section 7—10 of the Election Code (Ill. Ann. Stat., ch. 46, par. 7—10 (Smith-Hurd Supp. 1981-1982)). By virtue of the trial court's judgment, Schumann's name would appear on the March 16, 1982, Republican primary ballot for nomination as a candidate for the office. The trial court's judgment affirmed the decision of the Cook County Officers Electoral Board, which had denied Madden's claim that Schumann's petitions failed to comply with the mandatory requirements set forth in the controlling statute (Ill. Ann. Stat., ch. 46, par. 7—10 (Smith-Hurd Supp. 1981-1982)).

On March 11, 1982, following an expedited hearing, we had, by order only, indicated our affirmance. We now affirm the judgment of the trial court by this written opinion.

The pertinent statute, as last amended, requires that each nomination petition filed contain specific information in substantially the following form: (1) a caption averring that the signers of the nominating petitions are qualified electors of the specified party and county, (2) a paragraph stating the candidate's name, address, and the office sought, (3) a list of signers and their addresses, and (4) a circulator's affidavit swearing that he is a registered voter, that he lives at the specified address, that to the best of the circulator's knowledge, the signers are qualified voters, and that the signatures are genuine, having been written in his presence at the correctly stated address.

The statute further requires that the complete petition, with all sheets securely fastened together in book form, must also include a separate statement of candidacy by the person on whose behalf the petition is being filed. This statement sets out the candidate's name and address, the office sought, a declaration that the candidate is a qualified primary voter and is qualified for the office, and a request that his name be placed on the specified party's ballot. The statement of candidacy must also be sworn under oath.

Schumann contends that he has both literally and substantially complied with all statutory requirements. We agree. Although Schumann acknowledges that the suggested form for the circulator's affidavit, as set forth in the first part of the statute, does include an oath, missing from his petition, that the circulator is a registered voter, we believe he correctly points out that he has literally complied with the circulator's oath requirements set forth in a later paragraph of the same statutory section. That

later paragraph simply requires that the circulator's oath *be signed by* a registered voter, which both parties acknowledge Schumann to be. It appears to us that if the provisions of section 7—10 are mandatory, then an obvious ambiguity exists between the two sets of directions for the circulator's oath. In such cases, the court will not construe a statute against a person who correctly follows one set of directions while deviating from the other. (See *Merz v. Volberding* (1981), 94 Ill. App. 3d 1111, 419 N.E.2d 628.) It is for the legislature to decide and declare which direction is the one it intends to be mandatory.

Even if the wording of the suggested affidavit form were held to take precedence over the later general description of the same oath, we agree with Schumann's contention that he also has substantially complied with all requirements. Schumann points out that the statute directs the candidate to phrase the circulator's oath in *"substantially"* the suggested form. The trial court stated in its memorandum opinion and order that the suggested affidavit in section 7—10 is directory to the extent that it requests information not required by the mandatory provision.

Additionally, while the information required in each section of the nominating papers is mandatory, the precise location on those papers for each item is less rigid and is not defined specifically. The statement of candidacy affixed to the front of the bound group of petitions contains an oath that Schumann is a qualified voter living at a specified address in the voting district. Since Schumann himself was the sole circulator, that oath can be read in conjunction with the other correctly included material in the circulator's oath to show substantial compliance with the statute.

■■ Support for the idea that a nominating petition may be read as one complete document in order to achieve substantial compliance with the statute is found in *Lewis v. Dunne* (1976), 63 Ill. 2d 48, 344 N.E.2d 443, *Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 432 N.E.2d 1333, and *Madison v. Sims* (1972), 6 Ill. App. 3d 795, 286 N.E.2d 592. In *Lewis*, the supreme court held that a statement of the particular vacancy to be filled, statutorily required to be included in the statement of candidacy, was substantially present when the remainder of the nomination papers, of which the statement of candidacy was a part, clearly stated the particular vacancy. In *Madison*, the court found that a general verification that petition signers were qualified electors of a specified legislative district constituted substantial compliance with Election Code requirements even though the signers' addresses did not include the name of the city. In *Panarese*, where the circulator had inadvertently omitted his address from only one of five petition sheets, the court stated, "This court has found substantial compliance to satisfy section 7—10 where deviations therefrom were technical in nature." (*Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 630.) Schumann rightly argues that the omission of the phrase "is a

registered voter" from the circulator's oath is a technical deviation when his candidacy oath states that he is a qualified voter.

Objector Madden's contention that the various required parts of a nominating petition may not be read back and forth to achieve substantial compliance with the statute is based on his analysis and interpretation of *Lawlor v. Municipal Officer Electoral Board* (1975), 28 Ill. App. 3d 823, 329 N.E.2d 436. However, Lawlor was attempting to persuade the Electoral Board to allow the information on the nominating petition to fill in several mandatory items missing from the statement of candidacy, including his sworn statement that he was a qualified primary voter of the Republican party, that he was a candidate in the Republican primary, and that he requested his name to be printed on the primary ballot for the nomination by the Republican party. In fact, Lawlor's statement did not so much as indicate which party's nomination he was seeking. In the present case, in contrast, Schumann omitted from his circulator's oath only the statement that he is a registered voter. We believe his oath that he is a qualified primary voter, contained in his statement of candidacy, is sufficient to constitute substantial compliance with the statute.

Madden also cites *Bowe v. Chicago Electoral Board* (1980), 79 Ill. 2d 469, 404 N.E.2d 180, to support his argument that section 7—10 is mandatory in all respects and therefore all its provisions demand literal compliance. However, in *Bowe*, the problem with the petition was not a technical error but the failure of the circulator to appear before an appropriate official to swear to his oath. This deficiency relates to the very purpose of all the filing requirements, that of ensuring as honest an election as possible. A similar crucial deficiency was the subject of *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292, also cited by Madden. In *Havens*, the nominating petitions were filed in the wrong office, so members of the public found it impossible to examine them in the announced location.

> "[L]egislation prescribing rules governing the conduct of public elections has been insisted upon in order to insure against frauds which would subvert the democratic process.
>
> "[However,] [s]ubstantial and not literal compliance with technical requirements of election laws seems to be a general rule. In the absence of fraud or express statutory language, irregularities in the conduct of elections will not invalidate such elections." 3 Sutherland, Statutes and Statutory Construction §70.01, at 294, 296 n.13 (4th ed. 1974).

■■ A careful review of both groups of precedent cases cited by the parties compels us to conclude that substantial compliance with the Election Code is acceptable when the invalidating charge concerns a technical violation such as in the present case. But substantial compliance is not

operative to release a candidate from compliance with the provisions intended by the legislature to guarantee a fair and honest election. The cases cited by Madden demanded literal compliance because the provisions violated were among those designed to guard against fraud. Here, Schumann's technical violation was no threat to the integrity of the election process.

For all the above reasons, we affirm the decision of the trial court.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.