### David H. TOWNS and Ken Swanson, Plaintiffs,

v.

### Richard A. COWEN, Langdon D. Neal, David E. Murray, Hannelore Huisman, Lawrence E. Johnson, John J. Lanigan, Theresa M. Petrone, and Wanda L. Rednour, members of the Illinois State Board of Elections, and Sylvia Schroeder, Julie Kleive, and Gordon Spooner, members of the Boone County Officers Electoral Board, Defendants.

### No. 92 C 20037.

United States District Court, N.D. Illinois, W.D.

Feb. 4, 1992.

---

Burton S. Odelson, Mathias William De-lort, Odelson & Sterk, Ltd., Evergreen Park, Ill., Joseph A. DiCaprio, Law Offices of Allan Silver, Belvidere, Ill., for plaintiffs.

Eugene E. Brassfield, Brassfield, Cowen & Howard, Rockford, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff David Towns filed petitions to be nominated as the Republican Party Candidate for Boone County, Illinois State's Attorney. Plaintiff Ken Swanson is a voter who supports Towns and who signed a nominating petition for him. Defendants are the members of the Boone County Officers Electoral Board and the Illinois State Board of Elections, all sued in their official capacities. On the objections of Roger Russell, who also seeks the Republican nomination for Boone County State's Attorney, the Electoral Board ruled that Towns be excluded from the ballot because of inadequacies in his Statement of Candidacy. Presently pending is plaintiffs' motion for temporary restraining order.[1] Plaintiffs seek to restrain the Electoral Board from disqualifying Towns's candidacy.[2] There is some urgency to this matter in that defendants represent that absentee ballots were to have been sent out by February 1, 1992 and therefore the time for printing the ballots has begun.

Towns was ruled off the ballot by the Boone County Electoral Board because he did not expressly state on his Statement of Candidacy that he was a licensed attorney and also incorrectly stated he was a candidate for "election," not "nomination." The Electoral Board found that Towns therefore failed to fully comply with Ill.Rev. Stat. ch. 46, para. 7-10. There is no dispute that Towns's Statement of Candidacy[3] states in part: "... I am a candidate for *Election* to the office of *States Attor-*

---

1. The Western Division judge assigned to this case is not available. The undersigned is hearing the motion for a temporary restraining order as the Emergency Judge. *See* Local Rules 1.20-.23.

2. Plaintiffs concede that no action was taken by the State Board of Elections that can be restrained.

3. Towns's Statement is on a form expressly included in the language of the statute. The emphasized language in the quoted excerpt are those portions that are handwritten on blanks in the form.

*ney* in the *Boone County* district, to be voted upon at the Primary Election to be held on the *17* day of *March* 19*91*;[4] and that I am legally qualified (including being the holder of any license that may be an eligibility requirement for the office I seek the nomination for) to hold such office ... and I hereby request that my name be printed upon the official *Republican* primary ballot for *Election* for such office."

In their complaint, plaintiffs raise three grounds for relief. They contend that the Electoral Board's "hypertechnical" application of the requirements of para. 7–10 violates federal due process and plaintiffs' First Amendment rights to political association. They also contend that requiring candidates for State's Attorney to expressly state they are licensed attorneys while not imposing the same requirement on judicial candidates who must also be attorneys violates equal protection provisions of the federal Constitution. Third, plaintiffs allege that the three members of the Electoral Board either circulated petitions for Russell or were running on a slate with Russell and therefore federal due process was violated because the Electoral Board was not an impartial body.

■ If this court were to reach the merits of plaintiffs' federal claims, it would hold that plaintiffs have a likelihood of success on the merits and that they are entitled to a restraining order. However, plaintiffs are unlikely to be able to press the merits of their claims because barred by principles of *res judicata*. For that reason it is found that plaintiffs are unlikely to succeed on their claims and therefore temporary relief will not be granted.

The Illinois Supreme Court has held that the statement of candidacy only need be sufficient to determine the office the person is running for and whether the candidate is qualified; substantial compliance is sufficient. *See Lewis v. Dunne*, 63 Ill.2d 48, 344 N.E.2d 443, 446–47 (1976). *Accord Madden v. Schumann*, 105 Ill.App.3d 900, 61 Ill.Dec. 684, 686, 435 N.E.2d 173, 175 (1982). Technically, a candidate in a primary election is a candidate for "nomination," not a candidate for "election." However, Towns used a form for candidacy in a primary and expressly referred to a March 17 primary. The word "primary" appears on the form in at least four places. Although he uses the word "election" where he should have used "nomination," it is clear he is seeking nomination in a partisan primary. Despite his use of the word "election," the Statement of Candidacy is readily understandable and therefore appears to be in substantial compliance with para. 7–10. Also, the Statement expressly states Towns is qualified by having any necessary license. Although a law license is not explicitly mentioned, the Statement again appears to be in substantial compliance with para. 7–10, including using the language of the statutory form. If this were solely a question of state law, it would seem that Towns should be on the ballot and mandamus relief would be appropriate. *See Lewis, supra*.[5] The issue in this court, however, is whether there is any federal constitutional claim likely entitling plaintiffs to relief.

In *Richards v. Lavelle*, 620 F.2d 144 (7th Cir.1980), the Seventh Circuit considered the issue of a candidate being disqualified for filing too many signatures. The court held that, unlike issues of too few signatures or a new party trying to get on the ballot where strict scrutiny applies, only rational basis analysis applied to the claims in *Richards*. The fundamental rights of a voter or political association were not implicated. *Id.* at 147. It was also held that the state has a substantial and compelling interest in the integrity of the electoral process and in regulating the number of

---

4. Russell had also objected that the Statement incorrectly said 1991 instead of 1992, but the Electoral Board found that error did not prevent the Statement from being in substantial compliance with the law and from being easily understood as referring to the March 17, 1992 primary election.

5. As is indicated below, however, the state circuit court denied mandamus relief. The ground for that denial was not fully set forth in the presentation to this court. Whether that was a proper ruling is an issue presently before the state appellate court.

candidates on a ballot. *Id.* The limitation on the maximum number of signatures was upheld as rational. *Id.* However, the removal of the candidate from the ballot for violating the maximum signature rule was found not to be constitutionally rational. Instead, the reviewing body could have refused to accept more than the maximum number or otherwise taken an action to cure the defect. *Id.* at 147–49.

The present case is similar. As in *Richards*, only rationality analysis should be applied. Consistent with *Richards* (but contrary to plaintiffs' argument), no fundamental right of political association is implicated. There is, however, no rational basis for removing plaintiff from the ballot. To the extent Towns's Statement of Candidacy is ambiguous and properly found to not be in substantial compliance with the law, it is not rational to remove him from the ballot when the Statement can be clarified to expressly state he is running for nomination in the primary and that he is a licensed attorney. Plaintiffs have a likelihood of success on their constitutional claim that due process was violated because the decision of the Electoral Board was not rational.

Relying on *Gjersten v. Smith*, 791 F.2d 472 (7th Cir.1986), plaintiff also argues that the Electoral Board's actions violated the equal protection provisions of the federal Constitution. Plaintiffs contend it violates equal protection to require that State's Attorneys expressly state they are attorneys without also requiring judges to do so on their statements of candidacy. *Gjersten* involved the question of the number of signatures required on petitions for a particular office and the contention that the number required violated equal protection when compared to another similar office. *Gjersten* states that each case is to be considered individually. *Id.* at 477. Most importantly, it must be considered that Gjersten involved fundamental rights. *See Bowe v. Board of Election Commissioners of City of Chicago*, 614 F.2d 1147, 1151 (7th Cir.1980) (followed in *Gjersten*). The requirement of stating the candidate is an attorney, however, need only be justified by a rational basis. Perhaps there is some

rational basis for distinguishing candidates for judges from candidates for state's attorneys. At the present time, however, defendants offer no rationale so it must be assumed that plaintiffs have a likelihood of succeeding on their claim that the requirement to explicitly state the candidate is a licensed attorney violates equal protection. That claim alone, however, would not entitle plaintiffs to relief since Towns was also disqualified for using the word "election." It has already been held, though, that was not a proper basis for disqualifying him. Plaintiffs' equal protection claim adds weight to the likelihood of plaintiffs succeeding on their claims.

Plaintiffs also claim that procedural due process was violated because the Electoral Board was not impartial. It is true that due process guarantees an impartial tribunal. *See Briscoe v. Kusper*, 435 F.2d 1046, 1056, 1058 (7th Cir.1970); *Ryan v. Landek*, 159 Ill.App.3d 10, 111 Ill.Dec. 97, 98, 512 N.E.2d 1, 2 (1987). No federal case was found which considers the issue of political bias of an election board, but the Illinois courts have considered the issue. They hold there is no due process violation because the candidate has the right to review in the Circuit Court by an impartial judge. *Ryan*, 111 Ill.Dec. at 98, 512 N.E.2d at 2; *Ayers v. Martin*, 223 Ill.App.3d 397, 165 Ill.Dec. 594, 584 N.E.2d 1028 (1991). In accordance with *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and its progeny, this would appear to be the correct ruling on the procedural due process claim presented. Plaintiffs are unlikely to succeed in obtaining relief on the procedural due process claim.

Plaintiffs concede that Towns has also pursued relief in the Circuit Court of Boone County. In that court, he sought both mandamus relief and a writ of certiorari. Mandamus relief was denied and certiorari relief was held to be an inappropriate procedure. Appeals of both those decisions are pending in the Illinois Appellate Court and Towns is awaiting a ruling on his motion for expedited proceedings. Towns contends that he brought the state court ac-

tions only in his capacity as a candidate[6] and that he and Swanson bring their federal suit only in their capacities as voters. Towns concedes that he did not raise the federal claims in state court, except for the impartiality issue on which the state court ruled consistently with *Ryan, supra.*

The Electoral Board defendants move to dismiss on the ground that the claims against them are barred by *res judicata.* It is not appropriate to decide the motion to dismiss;[7] only to consider whether principles of *res judicata* make it unlikely that plaintiffs will succeed on the merits of their claims.

 *Res judicata* applies to bar claims where there is "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Lee v. City of Peoria,* 685 F.2d 196, 199 (7th Cir.1982). *Accord Hartke v. Chicago Board of Election Commissioners,* 651 F.Supp. 86, 88 (N.D. Ill.1986). *Res judicata* bars not only those issues that were actually litigated and decided, but any issues which could have been raised. *Lee,* 685 F.2d at 198.

Plaintiffs argue that *res judicata* does not apply because the state court suits were brought by Towns as a candidate, while the present suit is brought by Towns as a voter and Swanson who was not a party to the state actions. Even assuming Towns stood in different shoes in the state actions than in the present federal action, both Towns and Swanson are likely to be found to be in privity with Towns the candidate. *Hartke,* 651 F.Supp. at 90–91 (persons who circulate petitions are in privity with others who sign the petitions and both represent the same legal interests).

Defendants argue that the impartiality issue that was raised and the other federal claims that could have been raised should be barred. Plaintiffs argue that the federal claims, could not be raised in the state court suits. This requires consideration of the state court procedures employed by Towns.

Under Illinois law, a candidate or objector may obtain judicial review of the determination of an electoral board pursuant to Ill.Rev.Stat. ch. 46, para. 10–10.1. The Illinois Supreme Court has also held that mandamus is an appropriate remedy where the procedures under the Election Code are inadequate. *See Dooley v. McGillicudy,* 63 Ill.2d 54, 345 N.E.2d 102, 104 (1976).

> *[M]andamus* may be an appropriate remedy in situations which are of great import even though the normal criteria for an award of such relief are not evident. We have recognized the existence of exceptions to the doctrine of exhaustion of remedies in analogous circumstances where strict application of the doctrine would lead to unjust or very harsh results. This court has further said that "In cases involving the election process, where the time factor alone would usually render an appeal futile, this court has seen fit to grant original writs of *mandamus.*"

*Id.,* 345 N.E.2d at 104 (citations omitted).

 The Circuit Court dismissed Towns's petition for certiorari on the ground that Towns should instead be proceeding under the Election Code. Since that was not a decision on the merits, it can have no *res judicata* effect on the merits of any of plaintiffs' claims.

The mandamus petition is a more difficult question. That case apparently involved a ruling on the merits of the claims made in the case.[8] The question remains

---

**6.** Towns still alleged in his mandamus petition that he was a voter. It will be assumed, however, that he was only a party to that suit in his capacity as a candidate.

**7.** It is noted that the issue of *res judicata* requires consideration of documents other than the complaint. A motion to dismiss, therefore, may not be the appropriate procedure. The

determination of that motion is left for the judge to whom the case is assigned.

**8.** The order of the Circuit Court grants the Electoral Board's motion for judgment on the pleadings and motion for summary judgment. Copies of those motions are not provided, but it is assumed the ruling was on the merits since plaintiffs do not contend otherwise.

**704**

as to whether the federal constitutional claims could have been raised in that case.[9] Defendants point to precedent that federal constitutional issues can be raised in proceedings under the Election Code. Towns, however, was pursuing a mandamus proceeding, not judicial review under para. 10–10.1. There is, however, also precedent that constitutional issues can be raised in mandamus proceedings involving elections. *See People ex rel. Scott v. Kerner*, 32 Ill.2d 539, 208 N.E.2d 561 (1965). Since Towns could have raised the federal constitutional issues in the mandamus proceeding and since the court ruled on the merits in that proceeding, the federal claims are likely to be found to be barred by *res judicata.* Therefore, plaintiffs are unlikely to reach the merits of their claims, and a temporary restraining order will be denied.

Defendants also raise the issue of abstention. There is precedent supporting abstention. *See Ament v. Kusper*, 370 F.Supp. 65 (N.D. Ill.1974). There is also precedent that a court should not abstain where the timing and urgency of an upcoming election requires an immediate decision. *See Black v. Cook County Officers Electoral Board*, 750 F.Supp. 901, 902 (N.D. Ill.1990). Since the motion for temporary restraining order is denied, it is unnecessary to resolve this issue. The issue of abstention is left to be decided by the assigned judge.

IT IS THEREFORE ORDERED that plaintiffs' motion for a temporary restraining order is denied. Electoral Board defendants' motion to dismiss is entered and continued.

---

9. Plaintiffs argue that they could not have asserted their claims of interference with the fundamental rights of political association by a voter because the state action was only brought by a candidate. Such an argument is not on point. This court has held that plaintiffs are unlikely to succeed on a claim of denial of the fundamental right of political association.

Therefore, it would not help plaintiffs if such a claim were not barred. The question is whether a due process rationality argument could be made. To the extent federal claims could be raised in the mandamus proceeding, the candidate could have raised that issue just as readily, if not more readily, than the voters.