EILEEN O'CONNOR, Petitioner and Objector-Appellant, v. COOK COUNTY OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees.

First District (5th Division) No. 1—96—0717

Opinion filed June 21, 1996.

David L. Clark, of Chicago, for appellant.

Michael E. Lavelle, of Lavelle, Juneau & McCollom, Ltd., of Oak Park, for appellee James Patrick Sheehan.

JUSTICE HOURIHANE delivered the opinion of the court:
In this appeal, we are asked to interpret various provisions of the Election Code (10 ILCS 5/1—1 *et seq.* (West 1994)) as they pertain to the nominating petitions filed on behalf of a candidate seeking nomination in the primary election held on March 19, 1996. The specific challenge to the petitions concerns the propriety of the circulators' verification that they were registered voters during the time the petitions were circulated. The circuit court ruled that the candidate's petitions complied with the Election Code. We affirm.

## Background

Petitioner-objector, Eileen O'Connor, challenged the nominating petitions filed by respondent James Patrick Sheehan for the office of commissioner of the Metropolitan Water Reclamation District of Greater Chicago. O'Connor claimed that the petitions failed to comply with the statutory requirements of section 7—10 of the Election Code (Code) (10 ILCS 5/7—10 (West 1994)). The Cook County Officers Electoral Board (Board) denied O'Connor's claim, and O'Connor sought administrative review in the circuit court.

O'Connor argued in the circuit court that Sheehan's name must be stricken from the ballot because Sheehan's nominating petitions did not contain a "circulator's oath" required by section 7—10 of the Election Code. According to O'Connor, the Code mandated that the circulators affirm that they were registered voters of the political division at all times during the circulation of the petitions. Sheehan, on the other hand, pointed out that a verbatim transcription is not required under section 7—10 and that he has complied with all statutory requirements. Sheehan's petitions contained the following affidavit, sworn by each circulator:

"STATE OF ILLINOIS, )
 ) ss
COUNTY OF COOK )

I, _____, do hereby certify that I am
 (print name of circulator)
a registered voter of the political division for which the candidate is seeking nomination, that I reside at _____ street, in the (City) (Village) of _____ (Zip Code) _____, County of Cook, in the State of Illinois, and certify that the signatures on this sheet were signed in my presence on the following date/dates _____ and are genuine, and further certify that to the best of my knowledge and belief the persons so signing were, at the time of signing the petition duly qualified, legal and registered voters of the DEMOCRATIC Party in the Metropolitan Water Reclamation District of Greater Chicago, County of Cook, State of Illinois, and that their respective residences are correctly stated as above set forth.

_____
(Signature of Circulator)

Signed and sworn to (or affirmed) by _____
 (Name of Circulator)

before me, this _____ day of _____, 1995,

_____
(Signature of Notary Public)

(Seal of Stamp)

My Comission Expires:_____."

The circuit court affirmed the Board's decision, ruling that Sheehan's petitions fulfilled the statutory requirements.

O'Connor then sought an accelerated review of the circuit court's judgment in this court. Due to the expedited nature of this appeal, we entered an order, without opinion, on March 15, 1996, affirming the circuit court's decision. We now set forth our reasons in detail.

## Analysis

■ Generally, a reviewing court must view an administrative agency's findings and conclusions on questions of fact as *prima facie* true and correct. 730 ILCS 5/3—110 (West 1994); *City of Freeport v. Illinois State Labor Relations Board*, 135 Ill. 2d 499, 507, 554 N.E.2d 155 (1990). A court may reverse the agency's factual findings only if it is clearly evident that the agency should have reached the opposite conclusion. *Freeport*, 135 Ill. 2d at 507. If the question involved is one of law, such as the interpretation of a statute, the agency's finding receives deference, but the court is not bound by it. *Freeport*, 135 Ill. 2d at 507.

■ At issue here is the interpretation of section 7—10 of the Election Code. This provision provides, in pertinent part, that

> "[t]he name of no candidate for nomination *** shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in *substantially* the following form:
>
> We, the undersigned, members of and affiliated with the ... party and qualified primary electors of the ... party, in the ... of ..., in the county of ... and State of Illinois, do hereby petition that the following named person or persons shall be a candidate or candidates of the ... party for the nomination for (or in case of committeemen for election to) the office or offices hereinafter specified, to be voted for at the primary election to be held on the ... day of ..., ...

| Name | Office | Address |
|---|---|---|
| John Jones | Governor | Belvidere, Ill. |
| Thomas Smith | Attorney General | Oakland, Ill. |

> Name ..................... Address .....................

State of Illinois)
 ) ss.
County of . . . . .)

*I, . . ., do hereby certify that I am a registered voter and have been a registered voter at all times I have circulated this petition, that I reside at No. . . . street, in the . . . of . . . county of . . . and State of Illinois, and that the signatures on this sheet were signed in my presence, and are genuine, and that to the best of my knowledge and belief the persons so signing were at the time of signing the petitions qualified voters of the . . . party, and that their respective residences are correctly stated, as above set forth.*

 . . . . . . . . . . . . . . . . . . . . . .

Subscribed and sworn to before me this . . . day of . . ., . . .

 . . . . . . . . . . . . . . . . . . . . . .

***." (Emphasis added.) 10 ILCS 5/7—10 (West 1994).

The statute then sets forth what information must be included in the contents of the petition. With regard to the circulator's statement, the statute provides that "[a]t the bottom of each sheet of such petition shall be added a statement signed by a registered voter of the political division, who has been a registered voter at all times he or she circulated the petition, for which the candidate is seeking a nomination ***." 10 ILCS 5/7—10 (West 1994). The circulator's statement must "state" certain facts about the circulator and must "certify" other facts relating to the circulation of the petition and the signatures upon it. 10 ILCS 5/7—10 (West 1994).

The dispositive issue here is whether the form of the circulator's affidavit contained in section 7—10 is mandatory. We hold that it is not.

■ In interpreting statutes, this court must ascertain and give effect to the true intent and meaning of the legislature. *Pliakos v. Illinois Liquor Control Comm'n*, 11 Ill. 2d 456, 143 N.E.2d 47 (1957). In so doing, we must give the language of the statute its plain and ordinary meaning; in other words, we may not declare that the legislature did not mean what the plain language of the statute imports. *Maloney v. Bower*, 113 Ill. 2d 473, 479, 498 N.E.2d 1102 (1986).

■ As noted, section 7—10 provides that no candidate's name shall be placed upon the primary ballot unless that candidate has

filed a nominating petition "in *substantially* the following form." (Emphasis added.) 10 ILCS 5/7—10 (West 1994). The word "substantially" is a relative term and must be interpreted in accordance with its context. Here, "substantially" means "in the main," "essentially," "practically," "nearly," "almost" or "virtually." It does not mean "identically" or "exactly alike" and, thus, does not connote a mandatory obligation as to the form of the affidavit.

If the legislature had intended to require that the nominating petition be in the *exact* form as set out in section 7—10, it would not have used the word "substantially." This court has the responsibility of interpreting a statute as written and cannot, by judicial fiat, usurp the role of the legislature. *Belfield v. Coop*, 8 Ill. 2d 293, 134 N.E.2d 249 (1956). Accordingly, we simply may not ignore the import of the word "substantially."

Further support for this interpretation is found in the statutory language which follows the suggested outline in section 7—10. That language requires

> "*a statement* signed by a registered voter of the political division, who has been a registered voter at all times he or she circulated the petition, for which the candidate is seeking a nomination, *stating* the street address or rural route number of the voter *** and *certifying* that the signatures on that sheet of the petition were signed in his presence; and either (1) *indicating* the dates on which that sheet was circulated, or (2) *indicating* the first and last dates on which the sheet was circulated, or (3) *certifying* that none of the signatures on the sheet were signed more than 90 days preceding the last day for the filing of the petition." (Emphasis added.) 10 ILCS 5/7—10 (West 1994).

Thus, section 7—10 requires the circulator either to (i) indicate the dates on which the petition circulated, or (ii) indicate the first and last dates on which the sheet was circulated, or (iii) certify that none of the signatures were made more than 90 days preceding the last day for the filing of the petition. However, the circulator's affidavit set forth in section 7—10 does not contain any language to this effect. Thus, if the form of the affidavit set forth in section 7—10 is viewed as mandatory, section 7—10 would be internally inconsistent. No inconsistency exists, however, if the form is viewed as merely directory or suggestive.

Moreover, O'Connor's interpretation of section 7—10 ignores the rules of English grammar. The word "statement" is the subject of the sentence and is modified by the phrase "signed by a registered voter, who had been a registered voter at all times he or she circulated the petition." Thus, the voter who signs the statement must be (i) a

registered voter and (ii) a registered voter at all times during which the petition was circulated.[1] However, these qualifications are not included in the list of what the statement must "state" or "certify," which immediately follows the modifying phrase. According to that list, the statement must "stat[e]" certain facts about the circulator (his or her address) and "certify[ ]" other facts relating to the circulation of the petition and the signatures which appear on it. The provision cannot be read to require that the circulator's statement must "state" or "certify" that he or she was a registered voter at the time of circulation.

Finally, this court rejected a similar challenge to nominating petitions which did not contain the circulator's affidavit in the form set out in section 7—10. *Madden v. Schumann*, 105 Ill. App. 3d 900, 435 N.E.2d 173 (1982). In *Madden*, this court held that where, as here, the circulator's oath deviated from the statutory form contained in section 7—10, but nonetheless fully complied with the requirements set forth in a later paragraph of the same section, the candidate was deemed to have satisfied all statutory requirements. *Madden*, 105 Ill. App. 3d at 901-02.

*Madden* was decided in 1982, and although the legislature has since amended section 7—10, it has not seen fit to delete the word "substantially" or otherwise indicate that the suggested affidavit is mandatory despite our holding in *Madden*. The legislature is presumed to know the construction the courts have placed upon a statute and is free to change court interpretations of its legislation. *Williams v. Crickman*, 81 Ill. 2d 105, 111, 405 N.E.2d 799 (1980). By amending section 7—10 and retaining the language previously interpreted by this court in *Madden*, it must be assumed that the legislature intended for the amendment to have the same interpretation previously given. *Williams*, 81 Ill. 2d at 111. Accordingly, we hold that the form of the affidavit contained in section 7—10 is merely suggestive or directory, not mandatory, and that Sheehan's petitions complied with the requirements of section 7—10.

The judgment of the circuit court is affirmed.

Affirmed.

McNULTY, P.J., and COUSINS, J., concur.

---

[1]O'Connor does not argue that those who circulated Sheehan's petitions were not registered voters at the times the petitions were circulated. Her sole contention is that the circulators never attested to that fact.