(No. 53124.—

# WILLIAM J. BOWE, Appellee, v. CHICAGO ELECTORAL BOARD *et al.*, Appellants.

*Opinion filed March 12, 1980.—Rehearing denied May 29, 1980.*

Michael L. Levinson, of Chicago, for appellant Chicago Board of Election Commissioners.

Andrew M. Raucci and Michael P. McClelland, of Chicago, for appellant Timothy J. Fitzgerald.

Charles M. Biggam, Jr., and David W. Andich, of Chicago (Biggam, Cowan & Lunding, of counsel), for appellee.

PER CURIAM: The issue in this case is the right of the plaintiff, William J. Bowe, to have his name printed on the ballot as a candidate for Democratic ward committeeman of the 43rd ward of the city of Chicago. The defendant electoral board (the Board) ruled against plaintiff, holding that certain sheets in his binder of petitions

did not comply with statutory requirements, reducing the number of valid signatures below the legal minimum. The circuit court of Cook County affirmed the order of the Board, and the Appellate Court, First District, with one justice dissenting, reversed the judgment of the circuit court. (81 Ill. App. 3d 146.) We granted leave to appeal and, because of the imminence of the primary election and the need for a prompt decision, ordered an expedited briefing schedule and took the case under advisement without oral argument.

The decisive issue is the interpretation of section 7–10 of the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 7–10). The pertinent portion of the section provides as follows:

> "At the bottom of each sheet of such petition shall be added a statement signed by an adult resident of the political division for which the candidate is seeking a nomination, stating his residence address ***, certifying that the signatures on that sheet of the petition were signed in his presence, and are genuine, and that to the best of his knowledge and belief the persons so signing were at the time of signing the petitions qualified voters of the political party for which a nomination is sought. Such statement shall be sworn to before some officer authorized to administer oaths in this State."

The requirements of this section are mandatory and not directory. (*Lawlor v. Municipal Officer Electoral Board* (1975), 28 Ill. App. 3d 823.) The undisputed evidence before the Board here showed that a person who had circulated petitions had not personally appeared before the notary public who acknowledged his signature. The statute requires that the circulator swear to the petition before an officer authorized to administer oaths. The Appellate Court, Fourth District, has held that the failure of the circulator to personally appear before the notary public invalidates the petition. (*Williams v. Butler* (1976), 35 Ill. App. 3d 532.) In our opinion this is a correct interpretation of the statute. The decision of the Board and the

order of the circuit court were therefore correct, and the appellate court erred in reversing the order of the circuit court. The judgment of the Appellate Court, First District, is reversed, and the order of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*