THOMAS E. SIMMONS, Petitioner-Appellant, v. RONALD R. DuBOSE, Objector, *et al.*, Respondents-Appellees.

First District (2nd Division)   No. 86—536

Opinion filed April 22, 1986.

Gary A. Weintraub and Henry P. Wolff, both of Chicago, for appellant.

Block, Levy & Associates, of Chicago (Russell C. Green, of counsel), for appellee Ronald R. DuBose.

Mickey Levinson, of Chicago Board of Election Commissioners, of Chicago, for other appellees.

JUSTICE STAMOS delivered the opinion of the court:

Petitioner-appellant is appealing from an order of the circuit court, affirming a decision by the Chicago electoral board. The electoral board declared invalid the petitioner's nominating papers and determined that the petitioner's name would not be placed on the ballot as a candidate for the Democratic ward committeeman from the 37th ward. The respondent–appellee–cross-appellant objected to the

petitioner's nominating papers. He is now appealing from the circuit court's order dismissing his petition for review of his objections.

The petitioner, Thomas Simmons, was a candidate for Democratic ward committeeman from the 37th ward, Chicago. The committeeman was to be elected on March 18, 1986, in a special election called by Judge Norgle of the Federal district court on December 30, 1985, to coincide with the remap of several wards in the city of Chicago. The deadline for filing nominating petitions for the special election was January 17, 1986. Petitioner Simmons filed his candidacy by the statutory deadline, but the respondent, Ronald DuBose, objected to the validity of Simmons' nominating petition.

On February, 13, 1986, the electoral board sustained some of DuBose's objections to the nominating papers filed by Simmons. The following was determined by the electoral board:

"The Board having heard oral arguments and consider all evidence hereby finds:

a. The statutory minimum number of signatures required for placement on the ballot is 991

b. The number of signatures filed by the candidate total 2275

c. The number of signatures because of objections sustained deemed invalid total 1316

d. The remaining number of signatures deemed valid total 959

The written report of the Board's findings sustaining objections are contained in the Board's file in this cause, and is available upon request of any party. The Board further finds that the number of valid signatures on the nominating petitions falls below the minimum number of signatures required by law to be placed upon the ballot as candidate for election to the Office of Ward Committeeman, Democratic Party, 37th Ward.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the objections of RONALD R. DUBOSE to the nominating petition of THOMAS E. SIMMONS as candidate for election to the Office of Ward Committeeman, Democratic Party, 37th Ward, are hereby sustained in conformity with the findings in Paragraph 12 hereof and the said petition is hereby declared valid, and the name of THOMAS E. SIMMONS, as candidate for election to the Office of Ward Committeeman, Democratic Party, 37th Ward, shall not be printed on the ballot for the Special Election to be held on March 18, 1986.

After learning that his name would not appear on the ballot, Sim-

mons petitioned the circuit court for judicial review of the electoral board's decision. DuBose opposed Simmons' petition for judicial review and filed his own petition for review of the electoral board's action. DuBose claimed that the electoral board would not give him a copy of its written findings and that the board had failed to sustain a number of valid objections raised by DuBose.

On February 24, 1986, the court reviewed and affirmed the decision of the electoral board. The court also dismissed DuBose's petition for review with prejudice.

On March 4, 1986, Simmons filed an emergency motion for an expedited hearing and disposition of his appeal. On appeal, he requests this court to reverse the judgment of the trial court and order his name placed on the ballot for the March 18 election. DuBose filed objections to Simmons' motion for an expedited appeal, and he filed his own additional appeal from the trial court's order dismissing his petition for review.

On appeal, the petitioner, Simmons, contends that he filed the required number of valid signatures to be placed on the ballot. The electoral board determined, among other things, that three sheets of Simmons' petition, containing 75 signatures, were invalid because there was no indication on these sheets of the date upon which they were circulated. Simmons claims that it is not mandatory for the petition to reflect the date upon which it was circulated, so long as the petition was in fact circulated within 90 days prior to the deadline for filing nominating papers. According to Simmons, his petition must have been circulated within the statutory period because Judge Norgle called the special election only 18 days prior to the filing deadline.

Simmons argues further that 39 signatures invalidated by the electoral board were challenged only on the basis that they lacked a circulation date. These 39 signatures are valid, in Simmons' judgment, and he says that this brings his total number of valid signatures to 998, a figure that comports with the statutory minimum required for placement on the ballot.

Simmons' argument is unpersuasive. It is mandated by statute that nominating petitions must be circulated no more than 90 days prior to the deadline for filing such petitions. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10.) It is also a statutory requirement that on each sheet of a nominating petition, a registered voter in the political subdivision must certify the validity of the signatures and indicate either the dates upon which the sheets were circulated, or the first and last dates upon which the sheets were circulated, or the voter must certify that none of the signatures on the sheets were made prior to 90 days

before the filing deadline. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10.) Three sheets of Simmons' nominating petition failed to indicate the circulation date or that the sheets were circulated within the statutory period. Consequently, the 75 signatures contained on these sheets are invalid.

■■ ■ The new Election Code provision calling for an indication of when a petition was circulated is mandatory, not directory as Simmons contends. Our supreme court has construed section 7—10 of the Election Code as mandatory. (*Bowe v. Chicago Electoral Board* (1980), 79 Ill. 2d 469, 470, 404 N.E.2d 180.) In addition, the principles of statutory construction compel the conclusion that the amendment to section 7—10 is mandatory. When a statute specifies what result will ensue if its terms are not complied with, then the statute is deemed mandatory. (*Havens v. Miller* (1981), 102 Ill. App. 3d 558, 566, 429 N.E.2d 1292.) Section 7—10 of the Election Code provides that the name of a candidate shall not appear on the ballot if the requirements for filing nominating petitions are not satisfied. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10.) Since the statute prescribes the penalty for noncompliance, its terms should be regarded as mandatory.

Moreover, directions which are of the essence of the thing to be done are generally considered mandatory. (*People v. Cox* (1985), 136 Ill. App. 3d 623, 626, 483 N.E.2d 422.) The purpose of the statute in this case is to ensure that nominating petitions will be circulated within 90 days prior to the deadline for filing petitions and that the circulator will verify compliance by indicating a circulation date. In addition to indicating a circulation date or that the petitioners were circulated within the statutory period, the circulator must verify that the signatures on the petition are genuine and that they were made in his presence. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10.) Taken together, these measures guard against fraud and ensure that a candidate does not gain an unfair advantage over his opponents by circulating his petition far in advance of the election.

An intent to guard against fraud and ensure fairness indicates that the amendment to section 7—10 is mandatory. The procedure instituted by this statute goes to the essence of the nominating process and is not merely a suggestion by the legislature for the orderly conduct of business. Finally, the statute uses the word "shall," and such language evidences the legislature's mandatory intent. See *People v. Cox* (1985), 136 Ill. App. 3d 623, 626, 483 N.E.2d 422.

Petitioner Simmons argues that the amendment to section 7—10 is simply a technical requirement demanding substantial compliance. As evidence of his substantial compliance, Simmons says that his peti-

tion could not have been circulated until the special election was announced 18 days before the deadline to file nominating papers.

■ Simmons' contention lacks merit. It is true that some provisions of section 7–10 have been deemed mere technical requirements demanding only substantial compliance. However, these provisions, regarding the placement of information on the petition or the consecutive numbering of pages, are distinguishable from the present situation. (See *Lewis v. Dune* (1976), 63 Ill. 2d 48, 344 N.E.2d 443; *Madden v. Schumann* (1982), 105 Ill. App. 3d 900, 435 N.E.2d 173; *Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 432 N.E.2d 1333; *Stevenson v. County Officers Electoral Board* (1978), 58 Ill. App. 3d 24, 373 N.E.2d 1043.) In the case at bar, the circulation information was missing on three pages of Simmons' petition. This information was not contained elsewhere in the petition as it was in other cases cited by the petitioner. Moreover, technical violations are those that do not relate to the integrity of the election process. (See *Williams v. Butler* (1976), 35 Ill. App. 3d 532, 535, 341 N.E.2d 394.) In this case, the statutory provision ensures fairness and thus goes to the integrity of the election process. Consequently, the amendment to section 7–10 cannot be regarded as a mere technicality. (See *Bowe v. Chicago Electoral Board* (1980), 79 Ill. 2d 469, 404 N.E.2d 180.

Finally, even if the amendment to section 7–10 were considered a technicality, Simmons has not demonstrated his substantial compliance. He offers no direct proof that the three sheets in question were circulated within the statutory period. It is true that the special election was not called until 18 days before the deadline to file petitions. It is conceivable, however, that Simmons could have circulated his petitions prior to the 90-day period, anticipating that if his ward were remapped, a special election would be called. We do not suggest, of course, that Simmons circulated his petitions prior to the statutory period. We only observe that such conduct was possible.

Respondent–appellee–cross-appellant DuBose has made several additional allegations of fraud against petitioner Simmons. Since this case can be decided on the date-of-circulation issue, there is no need to discuss these charges.

In light of the foregoing, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.