No. 2--97--0115

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

                                                                  
 )

DAVID M. EL-ABOUDI, ) Appeal from the Circuit

) Court of Lake County.

Plaintiff-Appellee, )

)

v. ) No. 97--MR--0007

)

BOBBY THOMPSON, CATHERINE ) 

COLLINS, and ROBERT SANDAHL, )

as the 
ex officio
 North ) 

Chicago Municipal Officers )

Electoral Board, )

)

Defendants-Appellants, )

) Honorable

(Walter Thomas and Delores ) Charles F. Scott,

Gunty, Defendants). ) Judge, Presiding.

                                                                 

JUSTICE INGLIS delivered the opinion of the court:

Defendants Bobby Thompson, Catherine Collins, and Robert Sandahl, as the 
ex officio
 North Chicago Municipal Officers Electoral Board (board), appeal the decision of the circuit court of Lake County reversing the board's decision to remove the name of plaintiff, David M. El-Aboudi, from the ballot for the Democratic Primary Election on February 25, 1997.  The board argued that section 7--10 of the Election Code (10 ILCS 5/7--10 (West 1996)) mandated that, in order to place a nominee on the primary ballot, the candidate must submit a numbered petition.  The board removed plaintiff's name from the ballot because he failed to number any of the pages of his nominating petition.  The trial court held that section 7--10 merely directed, not mandated, the applicant to number the pages and ordered that plaintiff's name be placed on the ballot for the February 25, 1997, primary election.  

The single issue presented by this appeal is whether the provision of section 7--10 regarding page numbering is mandatory, justifying invalidation of plaintiff's appeal.

Before reaching the merits, we must address whether this appeal is moot as the February 25, 1997, primary has passed.  Technically, because the election has passed, our decision would not affect plaintiff's rights, and, therefore, the question is moot.  Despite this, we choose to consider the merits of this appeal.  This matter clearly falls under the public interest exception to the mootness doctrine, in that it presents an important public issue evasive of review and capable of repetition, which requires authoritative guidance because of the disparate resolutions by electoral boards of similar issues.  
Anderson v. McHenry Township
, 289 Ill. App. 3d 830, 832 (1997); 
Reyes v. Bloomingdale Township Electoral Board
, 265 Ill. App. 3d 69, 71-72 (1994).  We also note that plaintiff never filed an appellee's brief.  However, the record is simple and the claimed error is such that we can easily decide it without the aid of his brief.  See 
First Capitol Mortgage Corp. v. Talandis
 Construction Corp.
, 63 Ill. 2d 128, 133 (1976).  

Turning to the merits of this appeal, we hold that the principles of statutory construction compel the conclusion that the provision of section 7--10 regarding page numbering is mandatory.  Section 7--10 provides, in relevant part:

"The name of no candidate for nomination *** shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in substantially the following form:

* * * 

Such sheets before being filed shall be neatly fastened together in book form, by placing the sheets in a pile and fastening them together at one edge in a secure and suitable manner, and the sheets shall then be numbered consecutively."  10 ILCS 5/7--10 (West 1996).

When a statute specifies what result will follow if its terms are not complied with, then the statute is deemed mandatory.  
Jones v. Dodendorf
, 190 Ill. App. 3d 557, 560 (1989); 
Simmons v. DuBose
, 142 Ill. App. 3d 1077, 1080 (1986).  Section 7--10 provides that, if a candidate fulfills the enumerations set forth, then his name will be included on the ballot.  Conversely, the failure to fulfill one of those conditions precedent results in the candidate's exclusion from the ballot.  This condition precedent is, in effect, a penalty for noncompliance, thereby mandating that the terms of the statute be complied with.  Moreover, the provision uses the word "shall" which evidences the legislature's mandatory intent. 
Jones
, 190 Ill. App. 3d at 560;  
Simmons
, 142 Ill. App. 3d at 1080.   
Cf
. 
Bowe v. Chicago Electoral Board
, 79 Ill. 2d 469, 470 (1980)(provision of section 7--10 requiring circulator to personally appear before notary public is mandatory); 
Simmons
, 142 Ill. App. 3d at 1079 (section 7--10 mandates that nominating petitions be circulated no more than 90 days prior to the deadline for filing and that a registered voter must certify the validity of signatures on each nominating petition).  Accordingly, we find the requirement of section 7--10 regarding consecutive page numbering to be mandatory.

We also find support in our conclusion from those cases which have held the page numbering provision under section 10--4 of the Election Code (10 ILCS 5/10--4 (West 1996)) to be mandatory.  See 
King v. Justice Party
, 284 Ill. App. 3d 886 (1996); 
Hagen v. Stone
, 277 Ill. App. 3d 388 (1995); Wollan v. Jacoby, 274 Ill. App. 3d 388 (1995);
 
Jones
, 190 Ill. App. 3d 557.  We see little difference between section 10--4 of the Election Code, which provides that "[n]o signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with" (10 ILCS 5/10--4 (West 1996)), and the provision in section 7--10 requiring that no candidate's name shall be printed unless the specific enumerated requirements are satisfied (10 ILCS 5/7--10 (West 1996)).  Both sections equally invalidate the petition if the requirements of the statute are not complied with.

Plaintiff argued below that he substantially complied with the provision because he had enough signatures on each submitted page to fulfill the requirement.  We disagree.

The candidates in 
Jones
 failed to number consecutively any of their nominating petitions as required by section 10--4.  We held that, based on statutory rules of construction, the provision requiring consecutive numbering of nominating petitions was mandatory.  
Jones
, 190 Ill. App. 3d at 560.  In rejecting the argument that compliance with the section as a whole is sufficient, we found that in those cases where the candidate substantially complied
 with the numbering provision there was at least some type of compliance with that specific provision.  
Jones
, 190 Ill. App. 3d at 561.  Accordingly, we held that a candidate does not substantially comply with the requirements where he completely ignores one of the statutory elements.  
Jones
, 190 Ill. App. 3d at 561.  We further found that numbering the pages of the submitted petition requires substantial compliance to prevent tampering, which not only preserves the integrity of the petitions submitted, but also the election process in general.  
Jones
, 190 Ill. App. 3d at 562.  

The reasoning and underlying rationale of 
Jones
 are equally applicable to the present case.  Unlike the situation in 
Williams v. Butler
, 35 Ill. App. 3d 532 (1976), where the pages of the candidate's petition were numbered 1 through 323, but page 191 was missing, or 
King
, where only pages 1791 and 1792 of 4427 rendered the numbering nonconsecutive, in the present case
, all of the pages of the submitted petition were unnumbered.  As in 
Jones
, there is no way to ascertain effectively whether additional pages were later inserted.  To allow a candidate to separate his petition into several petitions after it has been submitted would not only disregard the requirements of the Election Code, but also would corrupt the electoral process.  Where plaintiff made no attempt to comply substantially with the numbering requirement, the failure to do so, as mandated, requires invalidation of his nominating petition.

For the foregoing reasons, we reverse the order of the circuit court of Lake County.

Reversed. 

McLAREN and DOYLE, JJ., concur.