JOSEPH KOZENCZAK, Plaintiff-Appellee, v. THE DU PAGE COUNTY OFFICERS ELECTORAL BOARD et al., Defendants-Appellants (William Toerpe et al., as Members of the Du Page County Officers Electoral Board, et al., Defendants).

Second District No. 2—98—0993

Opinion filed September 18, 1998.

Burton S. Odelson, of Odelson & Sterk, Ltd., of Evergreen Park, and Thomas C. Kelleghan, of Wheaton, for appellants.

Mathias W. Delort and Lorence H. Slutzky, both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Objector, Michael B. Kwasman, filed a verified objector's petition objecting to the certificate of nomination of plaintiff, Joseph Kozenczak. The Du Page County Officers Electoral Board (the Board) sustained Kwasman's objection. Plaintiff sought judicial review, and the circuit court of Du Page County reversed the Board's decision. Kwasman and the Board appeal from the circuit court's order. We dismiss the appeal.

During the March 17, 1998, primary election, the Democratic Party of Du Page County failed to nominate a candidate for the office of Du Page County sheriff. On May 18, 1998, plaintiff filed a certificate of nomination and a statement of candidacy seeking election as a Demo-

crat to the office of Du Page County sheriff in the general election to be held on November 3, 1998.

On May 22, 1998, Kwasman filed a verified objector's petition objecting to plaintiff's certificate of nomination. On June 17, 1998, the Board sustained Kwasman's objection and ordered that plaintiff's name not be printed on the ballot for the general election.

Plaintiff sought judicial review, naming as defendants the Du Page County Board of Election Commissioners; its individual members, William Toerpe, Mark H. Kauffman, and Jeanne McNamara; the Board; and its individual members, Toerpe, Kauffman, and McNamara. Pursuant to statute, the Du Page County Board of Election Commissioners constitutes the Board *ex officio*. See 10 ILCS 5/10—9(2) (West 1996). On July 15, 1998, the circuit court reversed the Board's decision and ordered plaintiff's name to be placed on the ballot. On July 28, 1998, Kwasman and the Board filed a joint notice of appeal from the circuit court's order. No other parties appealed the circuit court's reversal.

On appeal, the Board filed an appellant's brief and a motion for an expedited briefing schedule, and we granted the Board's motion. In contrast, Kwasman has not filed an appellant's brief with this court. Kwasman, however, has filed a motion to consolidate briefs and a motion to join the argument of the Board. We denied both motions.

In addition, plaintiff filed a motion to dismiss the appeal. Plaintiff contends that the Board cannot prosecute an appeal from a reversal of its own decision. Therefore, since Kwasman has failed to timely file a brief on appeal, we should dismiss the appeal. We ordered plaintiff's motion to dismiss the appeal taken with the case, and we now address that motion.

In *Speck v. Zoning Board of Appeals*, 89 Ill. 2d 482, 486-87 (1982), our supreme court held that a zoning board of appeals lacked standing to prosecute an appeal from a reversal of the zoning board's decision. To reach this holding, the court first analyzed the powers and responsibilities of the zoning board as set forth in the Chicago zoning ordinance, the ordinance that empowered the zoning board. *Speck*, 89 Ill. 2d at 485. The court noted that the zoning board functioned in an adjudicatory or quasi-judicial capacity but nowhere in the ordinance was the zoning board authorized, either explicitly or implicitly, to assume the role of an advocate for the purpose of prosecuting an appeal. *Speck*, 89 Ill. 2d at 485. The court then found that the zoning board was not a party authorized to prosecute an appeal, despite the fact that the zoning board was named as a nominal party defendant in the administrative review action, because the zoning board was not a party before an administrative agency that was personally aggrieved by the reversal of its decision. *Speck*, 89 Ill. 2d at 486.

In contrast, in a similar but factually distinguishable case, our supreme court implicitly acknowledged that a retirement board had standing to prosecute an appeal from a reversal of its own decision. *Braun v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 108 Ill. 2d 119, 128 (1985). The court noted that the retirement board, unlike the zoning board in *Speck*, had extensive managerial responsibilities so that it was more than a tribunal. *Braun*, 108 Ill. 2d at 128.

Although the ruling in *Speck* has been extended beyond zoning boards (see, *e.g.*, *Carbondale Liquor Control Comm'n v. Illinois Liquor Control Comm'n*, 227 Ill. App. 3d 71 (1992) (local liquor control commission lacked standing)), there is no decision extending the *Speck* ruling to electoral boards. Nonetheless, we find that *Speck* controls the outcome of this decision.

Like the zoning ordinance in *Speck*, the Election Code (10 ILCS 5/1—1 *et seq*. (West 1996)) does not expressly or implicitly authorize the Board "to assume the role of advocate for the purpose of prosecuting an appeal." See *Speck*, 89 Ill. 2d at 485. Instead, the Election Code only authorizes the Board to conduct hearings, administer oaths, subpoena and examine witnesses, subpoena documentary evidence, and pass upon objections to nomination petitions and objections to petitions for the submission of questions of public policy. See 10 ILCS 5/10—9, 10—10, 28—4 (West 1996). Thus, like the zoning board in *Speck*, the Board here functions "in an adjudicatory or quasi-judicial capacity," and to allow the Board to assume the role of advocate would compromise the Board's required duty of impartiality. See *Speck*, 89 Ill. 2d at 485-86. Additionally, the Board, like the zoning board in *Speck*, was not a party before an administrative agency, nor was it personally aggrieved by the reversal of its decision. See *Speck*, 89 Ill. 2d at 486.

Furthermore, unlike the retirement board in *Braun*, there is no evidence that the Board in this case "[had] extensive managerial responsibilities [so that it was] more than a tribunal." *Braun*, 108 Ill. 2d at 128. In fact, the Election Code provides otherwise. Therefore, *Braun* is distinguishable, and the Board lacks standing to prosecute this appeal according to *Speck*.

While the Board cites several cases in which an electoral board appealed the reversal of its decision to the appellate court (see, *e.g.*, *El-Aboudi v. Thompson*, 293 Ill. App. 3d 191 (1997); *Thomas v. Powell*, 289 Ill. App. 3d 143 (1997); *Allord v. Municipal Officers Electoral Board for the Village of South Chicago Heights*, 288 Ill. App. 3d 897 (1997); *Schumann v. Fleming*, 261 Ill. App. 3d 1062 (1994)), we find each of those cases to be inapposite. The appellee never challenged the electoral boards' standing in those cases, and, thus, standing was never an issue on appeal.

Since the Board cannot prosecute this appeal, the question is whether the appeal should be dismissed even though Kwasman clearly has standing to prosecute the appeal. Kwasman, however, has not filed an appellant's brief with this court. Pursuant to our discretion under Supreme Court Rule 343 (155 Ill. 2d R. 343, Committee Comments), we dismiss Kwasman's appeal. *People v. Zakarian*, 121 Ill. App. 3d 968, 969-70 (1984); *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 130-31 (1976).

Finally, we note that, without leave of court, on August 11, 1998, Kwasman filed a notice of filing and a document titled "Joining Prior Appeal." This document has no effect. Initially, it was filed without leave of court. In addition, based upon our prior ruling, the Board has no appeal for Kwasman to join. Furthermore, we have previously denied Kwasman's motion to consolidate briefs and motion to join the Board's argument. Consequently, this document is stricken.

For the foregoing reasons, this appeal is dismissed.

Appeal dismissed.

HUTCHINSON and RAPP, JJ., concur.