JAMES E. BENDELL, Plaintiff-Appellee, v. EDUCATION OFFICERS ELECTORAL BOARD FOR SCHOOL DISTRICT 148 *et al.*, Defendants-Appellants.

First District (3rd Division)    Nos. 1—03—0695, 1—03—0696 cons.

Opinion filed March 28, 2003.

WOLFSON, J., dissenting.

Stanley T. Kusper, Jr., and Sarie E. Winner, both of Kusper & Raucci, Chtrd., of Chicago, for appellants.

James P. Nally, P.C., of Chicago, for appellee.

PRESIDING JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from an order of the circuit court reversing a decision of the Education Officers Electoral Board for School District 148 (Board) and ordering that plaintiff's name appear on the ballot for an election to be held on April 1, 2003. Inasmuch as the election is due to be held on April 1, 2003, and inasmuch as a prompt and speedy decision is required, this court has allowed an expedited appeal.

The essential facts are as follows. On January 13, 2003, plaintiff, James E. Bendell, filed his nominating petitions, statement of candidacy, loyalty oath, and statement of economic interests for the position of member of the Board of Education of School District 148. Those documents, which totaled somewhere between six and eight pages, were clipped together with a large paper clip. On January 28, 2003, defendant-objector Lucille Malone filed her verified objector's petition against plaintiff's nominating papers claiming that plaintiff had failed to meet the requirements of the Illinois Election Code (Code) (10 ILCS 5/1—1 *et seq.* (West 1996)) in that the petitions and nominating papers were not securely bound in book form.

Subsequent to a hearing and arguments, the Board voted 2 to 1

that plaintiff failed to comply with the statutory requirements of the Code by paper clipping his nomination papers together and ordered his name not to appear on the ballot for the April 1, 2003, nonpartisan election.

Thereafter, plaintiff filed a petition for judicial review in the circuit court of Cook County. Following briefing and oral arguments, the court ruled that the Board's decision was against the manifest weight of the evidence, that plaintiff's nominating petitions "substantially complied" with the provisions of the Code, and that plaintiff's name shall appear on the April 1, 2003, ballot.

Defendants have filed the instant appeal raising a single issue: whether section 10—4 of the Illinois Election Code requiring that nominating petitions shall be neatly fastened together in book form in a secure and suitable manner is satisfied through the doctrine of substantial compliance when the candidate uses a paper clip to secure those documents.

Plaintiff has filed a cross-appeal which has raised two issues: (1) whether the decision of the Board was against the manifest weight of the evidence; and (2) whether the Board has jurisdiction to bring this appeal.

■ Before we address the issue of whether a paper clip can satisfy the requirements stated in section 10—4 of the Illinois Election Code, we must decide whether the Board and its members have standing to appeal the circuit court's reversal of the Board's decision.

The appellate court in *Kozenczak v. Du Page County Officers Electoral Board*, 299 Ill. App. 3d 205, 207, 700 N.E.2d 1073, 1074 (1998), specifically dealt with this issue. The court found that the Election Code does not expressly or implicitly authorize the Board to assume the role of advocate for the purpose of prosecuting an appeal. See 10 ILCS 5/1—1 *et seq.* (West 1996); *Kozenczak*, 299 Ill. App. 3d at 207. Instead, the Election Code only authorizes the Board to conduct hearings, administer oaths, subpoena and examine witnesses, subpoena documentary evidence, and pass upon objections to nomination petitions and objections to petitions for the submission of questions of public policy. See 10 ILCS 5/10—9, 10—10, 28—4 (West 1996); *Kozenczak*, 299 Ill. App. 3d at 207. The court further held that the Board functions in an adjudicatory or quasi-judicial capacity and that to allow the Board to assume the role of advocate would compromise the Board's required duty of impartiality. *Kozenczak*, 299 Ill. App. 3d at 207. The court further stated that the Board was not a party before an administrative agency, nor was it personally aggrieved by the reversal of its decision. *Kozenczak*, 299 Ill. App. 3d at 207. We find the reasoning in *Kozenczak* to be persuasive and conclude, therefore, that the Board lacks standing to prosecute this appeal.

That holding, however, does not dispose of defendant-objector Malone's standing to prosecute this appeal. In *Kozenczak*, the court held that while the objector had standing to prosecute the appeal, he had not filed an appellant's brief. Pursuant to its discretion under Supreme Court Rule 343 (134 Ill. 2d R. 343), the court dismissed his appeal. In the instant case, however, Malone filed her notice of appeal separate and apart from the Board on March 12, 2003, and her appellant's brief on March 18, 2003. Therefore, we find that Malone has standing to prosecute this appeal.

We next address the issue as to whether the requirements stated in section 10—4 of the Illinois Election Code (10 ILCS 5/10—4 (West 1992)), that nominating petitions be fastened together in book form in a secure and suitable manner, may be satisfied through the doctrine of substantial compliance when the candidate uses a single large paper clip to bind the nomination papers.

■ Section 10—4 states in pertinent part:

"§ 10—4. All petitions for nomination under this Article 10 for candidates for public office in this State, shall in addition to other requirements provided by law, be as follows: Such petitions shall consist of sheets of uniform size ***. Such sheets, before being presented to the electoral board or filed with the proper officer of the electoral district or division of the state or municipality, as the case may be, *shall be neatly fastened together in book form, by placing the sheets in a pile and fastening them together at one edge in a secure and suitable manner,* and the sheets shall then be numbered consecutively. The sheets shall not be fastened by pasting them together end to end, so as to form a continuous strip or roll." (Emphasis added.) 10 ILCS 5/10—4 (West 1992).

It was argued below, as it is here, that plaintiff's petition was not securely fastened in book form in accordance with the above statute. In fact, at some point the statement of economic interest was not attached to the other materials, even though it had been filed. However, no evidence was presented as to how the statement came to be separated from the other materials and whether it was due to its not being securely fastened. Furthermore, during the Board hearing, defendant Delort, who dissented from the decision of the Board, stated:

"The question before us is the petitions here, which are bound with the large size aluminum paper clip, and in considering this issue, I really look to the language of the statute which says—I think the magic words are 'secure in a suitable manner.' *As we saw in the dictionary, there are a lot of definitions of binding.*

I note there are only about 6 or 8 pages all together, and the question is whether this is a secure and suitable manner, and I tried to take one of the pages out, and there was enough tension in

the paper clip so that you could not remove a page without removing the clip."

In reversing the Board's decision, the circuit court held:

"Here, the petition was securely fastened with a clip. There was discussion in the hearing as to the fact of a secure fastening. The petition was presented to the court with the clip still in place at the upper-left corner, which, while this may not be exactly like a book, I believe that the candidate has substantially complied with the provisions, and thus, I believe that the statute was misinterpreted by the Board."

■ The construction of a statute is a question of law. *Maske v. Kane County Officers Electoral Board*, 234 Ill. App. 3d 508, 600 N.E.2d 513 (1992). Accordingly, the reviewing court may make an independent determination and need not defer to the decision of the trial court. *Monahan v. Village of Hinsdale*, 210 Ill. App. 3d 985, 993, 569 N.E.2d 1182 (1991). However, because agencies make informed judgments based upon their experience and expertise with similar issues, it is generally recognized that courts give substantial weight and deference to the interpretation of an ambiguous statute by the agency charged with the administration and enforcement of the statute. *Monahan*, 210 Ill. App. 3d at 994. We note, however, that no court in this state has addressed this particular issue.

Defendant argues that the language of the Code is mandatory and demands strict, not substantial, compliance, and that using a paper clip to hold nominating papers together does not strictly comply with the Code. Defendant further argues that because plaintiff's nominating petitions were not in strict compliance, the Code mandates that the signatures on his nominating petitions are invalid.

■ In determining whether a provision is mandatory or directory, it is necessary to ascertain the intent of the legislature or political body which enacted the law. *Havens v. Miller*, 102 Ill. App. 3d 558, 565, 429 N.E.2d 1292 (1981). The first place to look for the intent of a statutory provision is in the language of the statute itself. *Havens*, 102 Ill. App. 3d at 565.

When a statute specifies what result will ensure if its terms are not complied with, that statute is deemed mandatory. *Havens*, 102 Ill. App. 3d at 566. And when the word "shall" is used in a statute, such language generally evidences the legislature's mandatory intent. *Jones v. Dodendorf*, 190 Ill. App. 3d 557, 556 N.E.2d 92 (1989); *Simmons v. DuBose*, 142 Ill. App. 3d 1077, 1080, 492 N.E.2d 586 (1986).

■ In the instant case, section 10—4 provides that noncompliance with its provisions "shall" invalidate the signatures on a nominating petition. Specifically, the Code states: "No signature shall be valid or

be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with." 10 ILCS 5/10—4 (West 1992). Based upon that language, which imposes sanctions in the event the provisions of the Code are not complied with, coupled with the use of the word "shall," we conclude that the requirements of section 10—4 are mandatory rather than directory.

Having found that the language of 10—4 is mandatory, we must next decide whether strict or substantial compliance is required.

In *Jones*, plaintiff's nominating petitions were not numbered consecutively in accordance with section 10—4 requiring that the sheets "shall then be numbered consecutively." Ill. Rev. Stat. 1987, ch. 46, par. 10—4 (now see 10 ILCS 5/10—4 (West 1992)). The Second District found that the requirements of section 10—4 were mandatory and that a candidate who completely ignored one of the statutory elements did not substantially comply with the provisions since, in that case, the plaintiff failed to number any of the pages. *Jones* articulated two purposes for the number requirement that compelled strict compliance: (1) the requirement aids in identification and description of each petition; and (2) it prevents tampering, thereby preserving the integrity of the petition and the election process in general. *Jones*, 190 Ill. App. 3d at 562.

In *Wollan v. Jacoby*, 274 Ill. App. 3d 388, 653 N.E.2d 1303 (1995), an objection was filed against respondent's nominating petitions on the basis that they were not numbered consecutively as required by section 10—4. This court held that noncompliance with the provision invalidated the petitions and justified the removal of the candidates from the ballot. The court wrote:

> "Undoubtedly, technical compliance with every single provision of the Code is unnecessary to sustain a ballot. However, where the statute, as in section 10—4 of the Code, mandates the performance of certain acts or things and provides a penalty for noncompliance, strict compliance is deemed mandatory, and noncompliance with such provisions will invalidate the ballot. *** In view of the mandatory construction ascribed to section 10—4 of the Code, and its two underlying purposes which are described in *Jones*, we find that substantial compliance with the page numbering provisions is insufficient compliance." *Wollan*, 274 Ill. App. 3d at 394.

Inasmuch as section 10—4 is mandatory, compliance with its provisions must be strict rather than substantial

Turning to the facts of this case, we must now determine whether plaintiff strictly complied with that section by securing his six to eight nominating pages with a large paper clip.

■ Section 10—4 states that the sheets are to be secured and

fastened into "book form." That section does not explain what is meant by "book form." However, it is universally known that a book is a collection of written sheets fastened together along one edge and usually trimmed at the other edges to form a single series of uniform leaves. Webster's Third New International Dictionary 252 (1986). And as Mr. Delort stated during the hearing before the Board, "there are a lot of definitions of binding." We conclude that plaintiff's nominating papers were in "book form" and, therefore, in strict compliance with the Code. Plaintiff's nominating papers were fastened together along one edge by a large paper clip and formed a single series of uniform leaves. The uncontroverted evidence is that they were securely fastened because a member of the Board was unable to pull them apart without removing the paper clip. This is a fact-specific case. Obviously, if the record established that the nominating papers were not securely fastened or if they had consisted of 500 pages, for example, and were held together by a single, large paper clip, our decision would be different. However, given the fact that there were only six to eight pages that could not be separated without removing the paper clip, and given the fact that this particular binding did not interfere with preserving the integrity of the petitions and the election process generally, plaintiff's nominating petitions strictly complied with section 10—4. For that reason, we affirm the order of the circuit court. We realize that the trial court held that plaintiff had substantially, not strictly, complied with section 10—4. However, we may affirm on any basis appearing in the record. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387, 457 N.E.2d 9 (1983).

Given our disposition of defendant's appeal, we choose not to address plaintiff's cross-appeal regarding the trial court's finding that the decision of the Board was contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HALL, J., concurs.

JUSTICE WOLFSON, dissenting:

I respectfully dissent. I believe the majority correctly finds section 10—4 is mandatory and that compliance with its provisions must be strict. Once having said that, I don't see how using a paper clip is strict compliance with a provision that requires papers be "neatly fastened together in book form *** at one edge in a secure and suitable manner." 10 ILCS 5/10—4 (West 1996).

Fastening securely is not a trivial or nitpicking requirement. It obviously is intended to prevent fraud or tampering, thus preserving the integrity of the papers. It is too easy to slip papers in or out of a packet when a paper clip is used. Paper clips have a habit of slipping off when documents are moved from place to place. I do not think we can establish a rule that is based on what happens when a paper clip is used to hold seven or eight pages together. An important public interest is at stake and we should adhere to the legislature's method of preserving it.