Filed 1/24/08          NO. 4-08-0020

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| RICHARD REYNOLDS, | ) | Appeal From |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Champaign County |
| CHAMPAIGN COUNTY OFFICERS ELECTORAL | ) | No. 07MR854 |
| BOARD; MARK SHELDEN, In His Official | ) | |
| Capacity as Champaign County Clerk for | ) | |
| the County of Champaign and Member of | ) | |
| the Champaign County Officers Electoral | ) | |
| Board; STEVEN D. ZIEGLAR, In His | ) | |
| Official Capacity as First Assistant | ) | |
| State's Attorney as Designee of | ) | |
| Champaign County State's Attorney JULIA | ) | |
| R. RIETZ and Member of the Champaign | ) | |
| County Officers Electoral Board; FRED | ) | |
| WILKINSON, In His Official Capacity as | ) | |
| Chief Deputy Circuit Clerk as Designee | ) | |
| of LINDA FRANK, Champaign County Circuit | ) | |
| Clerk and Member of the Champaign County | ) | |
| Officers Electoral Board, | ) | |
|      Defendants, | ) | |
|      and | ) | |
| BRENDAN M. McGINTY, as the Candidate To | ) | Honorable |
| Whom Objections Were Raised, | ) | Thomas J. Difanis, |
|      Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff, Richard Reynolds, filed a written objection to the nominating petition of defendant, Brendan M. McGinty, a Democratic candidate for the Office of Champaign County Board District No. 9.  Following a hearing before the Champaign County Officers Electoral Board (Board), the Board voted 2 to 1 in favor of the candidate and overruled the objection.  Plaintiff petitioned for administrative review in the circuit court, which reversed the Board's decision.  Defendant appeals.

The issue before us is whether defendant substantially

complied with the requirement of section 7-10 of the Election Code (Code) (10 ILCS 5/7-10 (West 2006)), which states that the separate pages of the candidate's nominating petition must be consecutively numbered. The provision of section 7-10 at issue provides:

> "The name of no candidate for nomination *** shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this [a]rticle in substantially the following form:
>
> * * *
>
> Such sheets before being filed shall be neatly fastened together in book form, by placing the sheets in a pile and fastening them together at one edge in a secure and suitable manner, and the sheets shall then be numbered consecutively." 10 ILCS 5/7-10 (West 2006).

In this case, the nominating petition consists of a total of four pages which are numbered as follows: "1,2,1,1."

A two-person majority of the Board held the consecutive-numbering requirement was directory rather than mandatory and, alternatively, that even if the provision is mandatory, the petition was in substantial compliance with the statute. The third member of the Board, in dissent, voted to sustain the objection, finding the consecutive-numbering require-

ment is mandatory and the petition was not in substantial compliance. On administrative review, the circuit court reversed the Board majority, agreeing with the dissent. Defendant's name was ordered stricken from the ballot.

Relying on an older case from this district, Williams v. Butler, 35 Ill. App. 3d 532, 535, 341 N.E.2d 394, 397 (1976), defendant renews his argument that the consecutive-numbering requirement of section 7-10 is directory rather than mandatory. Whatever force this court's observation to that effect may have had when it was offered more than three decades ago, we believe the proposition has been laid to rest by a host of subsequent appellate decisions, including at least one from the supreme court, which have held that the requirements of section 7-10 are mandatory and not directory. Bowe v. Chicago Electoral Board, 79 Ill. 2d 469, 470, 404 N.E.2d 180, 180 (1980).

Thus, the question is reduced to whether substantial rather than literal compliance with a mandatory statutory requirement is applicable, and, if so, whether defendant demonstrated such compliance. Defendant concedes the last two of the four pages of his petition are not consecutively numbered. He argues, however, that this deficiency neither posed an actual or perceived threat to the electoral process nor remotely presented any question of voter or challenger confusion or fraud, none of which, he observes, have been alleged by plaintiff.

The familiar principles that guide our review have been succinctly stated:

- 3 -

"The findings of fact of an electoral board are *prima* *facie* true and correct. [Citation.]  The function of a court on judicial review is to ascertain whether the findings and decision of the electoral board are against the manifest weight of the evidence. [Citation.]  A decision is against the manifest weight of the evidence only if the opposite conclusion is clearly evident.  [Citation.]  The fact that an opposite conclusion is reasonable or that the reviewing court might have ruled differently based upon the same evidence will not justify a reversal of the findings of an administrative agency. [Citation.]  Determinations as to the weight of evidence and the credibility of witnesses are uniquely within the province of the agency [citation], and a court will not substitute its judgment for that of the agency on such matters [citation].  Where the findings of the agency are supported by competent evidence in the record, its decision should be affirmed.  [Citation.]"  King v. Justice Party, 284 Ill. App. 3d 886, 888, 672 N.E.2d 900, 902 (1996).

There is no question but that the requirements of the Code, and

- 4 -

specifically the numbering of pages, serve multiple purposes. It allows people to identify specific pages of a petition and to refer to information contained thereon by reference to a page number. It also prevents tampering, thereby preserving not only the integrity of the petitions submitted but the election process in general. <u>Jones v. Dodendorf</u>, 190 Ill. App. 3d 557, 562, 546 N.E.2d 92, 95 (1989). By the same token, substantial compliance with the Code is acceptable when the invalidating charge concerns a technical violation of the statute that does not affect the legislative intent to guarantee a fair and honest election. <u>Madden v. Schumann</u>, 105 Ill. App. 3d 900, 903-04, 435 N.E.2d 173, 176 (1982).

Judged by these standards, we conclude the decision of the Board overruling the objection should have been sustained by the trial court. The petition consists of a total of four pages. The first two (circulated by the candidate himself) are properly numbered. The remaining two pages (circulated by two other individuals on behalf of the candidate) are each numbered, as one might expect, as page 1. The fact that they were not renumbered when they were compiled and submitted on defendant's behalf is clearly an error. However, given the limited number of pages involved, the fact that the two pages at issue are easily identified by the name of the individuals who circulated them, and the lack of any claim of possible voter confusion, tampering, or fraud by the plaintiff lead to the conclusion that the evidence before the Board was sufficient to sustain its finding that the

defendant substantially complied with the requirements of the statute.

Plaintiff cites several cases in support of the trial court's ruling which we find inapposite. Some of these address the consecutive-numbering requirement under section 10-4 of the Code. 10 ILCS 5/10-4 (West 2006). That provision, however, contains a more onerous penalty provision for noncompliance with the rule than does section 7-10. Apart from that distinction, each of the cited cases, to the extent the opinion is clear, involve factual contexts considerably different from the one present here. In <u>Hagen v. Stone</u>, 277 Ill. App. 3d 388, 391, 660 N.E.2d 189, 190 (1995), two of four petitions at issue were completely unnumbered. In <u>El-Aboudi v. Thompson</u>, 293 Ill. App. 3d 191, 193, 687 N.E.2d 1166, 1168 (1997), none of the pages of the nominating petition were numbered. Similarly, in <u>Jones</u>, 190 Ill. App. 3d at 559, 546 N.E.2d at 93, none of the pages were numbered. As the court aptly noted in <u>El-Aboudi</u>, "a candidate does not substantially comply with the requirements where he completely ignores one [or more] of the statutory elements." <u>El-Aboudi</u>, 293 Ill. App. 3d at 194, 687 N.E.2d at 1168.

Given the deference the court accords to Board decisions in such matters, we conclude the record contains sufficient evidence to support the Board's determination. Compliance was admittedly not strict, but it was substantial nonetheless. Accordingly, we reverse the circuit court's judgment and reinstate the County Officers Electoral Board's decision.

Reversed; County Officers Electoral Board's decision reinstated.

MYERSCOUGH and TURNER, JJ., concur.